UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
       Plaintiff, )
)
   v. )
)
BURKHALTER TRANSPORT, INC., )
2193 Hwy 45 South )
Post Office Box 9360 )
Columbus, Mississippi 39705, )
)
  Serve: Registered Agent )
  Delynn Burkhalter )
  2193 Hwy 45 South )
  Post Office Box 9360 )
  Columbus, Mississippi 39705, )
)
       Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Burkhalter Transport, Inc. has an office located at 2193 Hwy 45 South, Post Office Box 9360, in Columbus, Mississippi, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant Burkhalter Transport, Inc. has been bound at all relevant times and signed to a Collective Bargaining Agreement with International Union of Operating Engineers Local Union No. 450 and a Participating Agreement that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by or paid to employees of the Defendant performing work covered by the Agreements.

8. During the months of November and December 2015 the Defendant employed employees performing work covered by the Agreements.

9. During the months of November and December 2015 the Defendant failed to report or pay the contributions owing to the Central Pension Fund.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Agreements and the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. The Defendant failed to report and pay the contributions owed to the Central Pension Fund for work performed in the jurisdiction of I.U.O.E. Local Union No. 450 during the months of November and December 2015.

15. The Defendant failed to pay the amount of contributions owing to the Central Pension Fund in the amount of $43,498.75.

16. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

17. The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Central Pension Fund.

18. The Central Pension Fund is entitled to judgment against the Defendant for all contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees and costs.

**WHEREFORE,** Plaintiff prays judgment as follows:

A. For unpaid contributions due and owing by Defendant to the Plaintiff for work performed during the months of November and December 2015 in the amount of $43,498.75.

B. For liquidated damages and interest due and owing by the Defendant for unpaid contributions owed as provided for in the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C. For costs and reasonable attorneys' fees owing by the Defendant as required by 29 U.S.C. § 1132(g)(2), the Agreements, and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 11, 2016

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)

*Attorney for the Plaintiff*

5